[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11201
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00255-JDW-TBM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLINGTON ALVAREZ-MOSQUERA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 27, 2012)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

On July 20, 2007, Willington Alvarez-Mosquera pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and on November 20, 2007, the District Court sentenced him to a prison term of 135 months, at the low end of the Guidelines sentencing range of 135 to 168 months.[1]

On January 25, 2012, Alvarez-Mosquera, proceeding *pro se*, filed a motion with the District Court styled MOTION UNDER 18 U.S.C. § 3582(c)(2) AND U.S. SENTENCING GUIDELINE§ 1B1.10(c) FOR REDUCTION OF SENTENCE  BASED ON POST CONVICTION REHABILITATION PURSUANT TO 18 U.S.S.G. §  3661.  The body of the motion stated that he was seeking a sentence reduction "pursuant to the Due Process Clause of the Fifth Amendment and statute [18 U.S.C.] §  3661."  The District Court denied the motion in a written order containing this statement:  The court

> has no jurisdiction to modify a sentence other than (1) upon a motion of the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c), to the extent expressly permitted by statute, or (2) upon a motion by the Government pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  Defendant presents no basis under these provisions supporting a modification of his term of imprisonment.

---

[1]  At sentencing, he was held accountable for around 1394 kilograms of cocaine, which yielded a total offense level of 33.

Alvarez-Mosquera now appeals the court's order, claiming that the court could have reduced his sentence based on his post-sentencing rehabilitation efforts and the recent availability of a fast-track program within the Middle District of Florida.

As the District Court stated, it has authority to reduce a defendant's sentence under 28 U.S.C. § 3582(c)(2) on motion by the Director of the Bureau of Prisons or on motion by the Government under Federal Rule of Criminal Procedure 35(b)(2).  Neither is present here.  The court may also reduce a sentence under §3582(c)(2) when the Sentencing Commission has lowered the Guidelines sentencing range under which the defendant was sentenced.  That has not shown to be the case here.  The District Court's order is accordingly

AFFIRMED.